IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FILED**
MAY 17 2013
DAVID CREWS, CLERK
BY: _____ Deputy

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) STONE PONY PIZZA, INC., ) ) Defendant. ) ) ) | CIVIL ACTION NO. 4:13CV092-A-V <br><br> C O M P L A I N T <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Chendra Johnson, Youmeka Simpson, Wylinda Gregory, and a class of African American applicants who were adversely affected by such practices.

As alleged with greater particularity in paragraphs 7-13 below, Plaintiff Equal Employment Opportunity Commission alleges Defendant, Stone Pony Pizza, Inc., failed to hire Chendra Johnson, Youmeka Simpson, Wylinda Gregory, and other qualified African American applicants, because of their race. The Commission also alleges that Defendant maintained a racially segregated workforce and failed to retain applications, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Greenville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Stone Pony Pizza, Inc. (the "Employer"), has continuously been a Mississippi corporation doing business in the State of Mississippi and the City of Clarksdale, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Chendra Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2010, Defendant Employer has engaged in unlawful employment practices at its Clarksdale, Mississippi facility in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

   a. The unlawful employment practices include refusing to hire Chendra Johnson because of her race, African American.

   b. In September 2010, Chendra Johnson learned that Defendant Employer was hiring for the server position.

   c. Ms. Johnson applied in person for employment with Defendant Employer on or about September 27, 2010.

   d. Ms. Johnson wrote on her application that she was applying for an "open" position.

   e. Defendant Employer's Manager told Ms. Johnson that there were open positions available.

   f. For months thereafter, Ms. Johnson spoke with Defendant Employer's Manager about her application and her interest in the server position.

   g. Each time Ms. Johnson spoke with the Manager regarding her application and interest in the server position, he would tell her that he would call her, pull her application, or that no server positions were available.

   h. Despite the Manger's statement, Defendant Employer continued to hire servers.

   i. All of the servers hired by Defendant Employer from September 2009 to March 5, 2012 were Caucasians.

3

j. Defendant Employer did not interview or hire Ms. Johnson for the server position.

k. Ms. Johnson filed a charge of discrimination with the Commission on March 24, 2011, alleging that Defendant Employer had discriminated against her and denied her hire because of her race, African American.

8. The unlawful employment practices include refusing to hire Youmeka Simpson because of her race, African American.

a. Youmeka Simpson has previous work experience in the pizza industry.

b. Around September or October 2010, Ms. Simpson learned that Defendant Employer was hiring for the server position.

c. Ms. Simpson applied in person for employment with Defendant Employer on or about September or October 2010.

d. Ms. Simpson wrote on her application that she was applying for a waitress position.

e. Ms. Simpson left her application with a waitress/hostess who confirmed that Defendant Employer was hiring servers.

f. The waitress/hostess wrote the time on the top of the application and said she would give the application to the manager.

g. Defendant Employer did not interview or hire Ms. Simpson for the server position.

h. All of the servers hired by Defendant Employer during the time Ms. Simpson applied were Caucasians.

9. The unlawful employment practices include refusing to hire Wylinda Gregory because of her race, African American.

   a. Around September 2010, Defendant Employer's employees told Ms. Gregory that Defendant Employer was hiring for the server position.

   b. Ms. Gregory applied in person for employment twice as a server with Defendant Employer.

   c. On at least three separate occasions, Ms. Gregory went to Defendant Employer's restaurant to check on the status of her application.

   d. Defendant Employer did not interview or hire Ms. Gregory for the server position.

   e. All of the servers hired by Defendant Employer from September 2009 to March 2012 were Caucasians.

10. The unlawful employment practices include refusing to hire African American applicants as a class because of their race for server, waitress, hostess, and bartender positions.

    a. Defendant Employer opened its facility around October 2009.

    b. Defendant began soliciting applications for employment prior to opening.

    c. Defendant did not have any specific requirements for the server, waitress, hostess and bartender positions.

    d. From September 1, 2009 to March 2012, Defendant hired more than forty applicants for the server, waitress, bartender, and hostess positions.

    e. All of the applicants hired by Defendant Employer for the server, waitress, hostess, and bartender positions from September 2009 to March 5, 2012 were Caucasians.

    f. Although African American applicants applied for the server, waitress, hostess, and bartender positions, from September 2009 to March 5, 2012, Defendant Employer did not hire a single African American applicant for any of the positions.

    g. Some of the Caucasian applicants hired by Defendant Employer for the server, hostess, waitress, and bartender positions did not have any prior experience for the positions.

    h. Defendant Employer failed to consider African American applicants who possessed experience for the server, waitress, hostess and bartender positions.

11. Since at least October 2009, Defendant Employer has maintained a segregated workforce on the basis of race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(2).

    a. From September 1, 2009 through March 5, 2012, Defendant Employer solicited applications for employment.

    b. African Americans and Caucasians applied for employment as waitress, hostess, server, bartenders, cooks, and dishwashers.

    c. Defendant Employer only hired Caucasians for front of the house positions such as server, hostess, waitress, and bartender.

    d. Defendant Employer hired African Americans for back of the house positions such as cook and dishwasher positions.

12. The effect of the practice(s) complained of in paragraph(s) 7-11 above has been to deprive Chendra Johnson, Youmeka Simpson, Wylinda Gregory and a class of African American

applicants of equal employment opportunities and otherwise adversely affect their status as applicants, because of their race.

13. Since at least September 2010, Defendant Employer has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

   a. Defendant Employer received applications from African American applicants.

   b. Chendra Johnson, African American, applied for employment with Defendant Employer in September 2010.

   c. Youmeka Simpson, African American, applied for employment when Chendra Johnson sought employment in September 2010 with Defendant Employer.

   d. Wylinda Gregory, African American, applied for employment when Chendra Johnson sought employment in September 2010 with Defendant Employer.

   e. An employee of Defendant Employer discovered Ms. Johnson's application, along with the applications of other applicants, in the trash at Defendant Employer's facility.

   f. Defendant Employer failed to preserve Ms. Johnson's application and the applications of other applicants.

   g. Defendant Employer failed to preserve the application of Youmeka Simpson and Wylinda Gregory.

14. The unlawful employment practices complained of in paragraphs 7 -13 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7 – 13 above were done with malice or with reckless indifference to the federally protected rights of Chendra Johnson, Youmeka Simpson, Wylinda Gregory and a class of African American applicants for employment.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Chendra Johnson, Youmeka Simpson, Wylinda Gregory and other African American applicants for employment who were denied employment because of their race, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Chendra Johnson, Youmeka Simpson, Wylinda Gregory and other African American applicants for employment who were denied employment because of their race, front pay in lieu of hiring, or otherwise make whole individuals denied employment because of their race.

D. Order Defendant Employer to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E. Order Defendant Employer to make whole Chendra Johnson, Youmeka Simpson, Wylinda Gregory and other African American applicants for employment who were denied employment because of their race, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-13 above, including relocation expenses, job search expenses, and medical expenses, etc. in amounts to be determined at trial.

F. Order Defendant Employer to make whole Chendra Johnson, Youmeka Simpson, Wylinda Gregory and other African American applicants for employment who were denied employment because of their race, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Chendra Johnson, Youmeka Simpson, Wylinda Gregory and other African American applicants for employment who were denied employment because of their race, punitive damages for its malicious and reckless conduct described in paragraphs 8-13 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

JOSEPH M. CROUT
Supervisory Trial Attorney
MS Bar No. 7900
joseph.crout@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel: (901) 544-0136