**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                                              PLAINTIFF

v.                                                                      CIVIL ACTION NO. 4:13CV00092-SA-JMV

STONE PONY PIZZA, INC.                                                                              DEFENDANT

## ORDER

Before the court is the motion of Chendra Johnson-Hampton, Wylinda Gregory and Youmeka Simpson ("Movants") for leave to intervene in this action [5]. The court has considered the motion, the responses, and Movants' reply brief, and for the reasons stated below, the court finds that all Movants should be allowed to intervene in this action.

This action was filed by the EEOC, alleging unlawful employment practices by Stone Pony Pizza, Inc., based on racial discrimination against Johnson-Hampton, Gregory, and Simpson. The EEOC's complaint [1] essentially alleges that "Stone Pony Pizza, Inc., failed to hire Chendra Johnson, Youmeka Simpson, Wylinda Gregory, and other qualified African American applicants, because of their race." Compl. p. 1. Specifically, the EEOC's complaint alleges Defendant did not interview or hire Johnson for a server position she applied for in person on September 27, 2010. *Id*. at p. 3. It also alleges Defendant's unlawful employment practices include refusing to hire or interview Simpson, who– after she "learned that Defendant . . . was hiring for the server position[,] . . . applied in person for employment with Defendant . . . on or about September or October 2010." *Id.* at p. 4. Further, it alleges that Defendant's unlawful employment practices include refusing to hire Gregory, who applied in person twice for a server position. *Id.* at p. 5. Gregory was allegedly told "around September 2010" by employees of Defendant that Defendant was hiring for the server position.

Movants seek to intervene pursuant to FED. R. CIV. P. 24(a)(1)[1] on that ground that they have a statutory right to intervene pursuant to 42 U.S.C. § 2000e-5(f)(1) which allows intervention by "aggrieved persons" in actions such as this filed by the Commission. Additionally, Movants seek to intervene pursuant to FED. R. CIV. P. 24(b)(1)(B) on the ground that "their claims share common questions of law or fact with this civil action." The proposed complaint submitted by Movants in support of the motion to intervene likewise alleges that Stone Pony Pizza, Inc., refused to hire Movants because of their race.

The EEOC supports Movants' request and argues that Ms. Johnson-Hampton is expressly accorded the right to intervene pursuant to § 2000e-5(f)(1). Additionally, the EEOC argues that Mses. Simpson and Gregory, as similarly situated parties, meet the criteria under the law of this Circuit for opting in to an action filed by the EEOC. Defendant, on the other hand, objects to the motion in toto. In support of its opposition, Defendant has supplied a charge of discrimination which shows that Ms. Johnson-Hamptom claimed that on September 27, 2010, she applied for a waiter/server position with Defendant and that she believes she was discriminated against because of her race in violation of Title VII. Defendant admits, however, that

> On June 29, 2012, the EEOC issued a Determination, finding reasonable cause to believe that Johnson's claim might have merit. The Determination also states, Stone Pony "denied two other Black applicants [Youmeka Simpson and Wylinda Gregory] the opportunity to work in Server positions because of their race."
>
> During the conciliation process, the EEOC presented Stone Pony with settlement demands for all three of the purported applicants.

The court believes all Movants should be allowed to intervene for several reasons. First, Defendant has failed to convince the court that Movants do not have an unconditional right to

---

[1] Movants also claim intervention is proper under Rule 24(a)(2). Because the court finds intervention is proper under 24(a)(1) and 24(b)(1)(B), discussion of this issue is not necessary.

intervene in this action pursuant to FED. R. CIV. P. 24(a) and 42 U.S.C. § 2000e-5(f)(1).[2] The court agrees with the EEOC that Johnson-Hampton is accorded the right, as an "aggrieved person," to intervene in this action by the plain language of 42 U.S.C. § 2000e-5(f)(1).[3] Moreover, the court finds Simpson and Gregory are also "aggrieved persons," considering that the scope of the EEOC's investigation included their claims, and the EEOC filed this lawsuit to obtain relief for them and has named them in its complaint. *See EEOC v. J.D. Street & Co., Inc.*, No. 05 CV 4186 JPG, 2006 WL 839444 at *1 (S.D. Ill. March 29, 2006).

Second, Defendant's argument that Movants' claims do not meet the requirement for permissive intervention under Rule 24(b)(1)(B) is unavailing. Rather than analyzing the factors for intervention under Rule 24(b)(1)(B), including whether Movants' claims share common questions of law or fact with *the main action,*[4] Defendant diverts the court's attention to the issue of whether Simpson and Gregory are "similarly situated" for purposes of piggybacking on Johnson-Hampton's charge.[5] Because the allegations in Movants' proposed complaint are

---

[2]Defendant does not dispute the timeliness of the instant motion. Because it was filed within only two months of the filing of the complaint and prior to the filing of Defendant's answer, the court finds it is timely.

[3]Section 2000e-5(f)(1) (emphasis added) states in pertinent part:

**(1)** If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. . . . *The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission* or the Attorney General in a case involving a government, governmental agency, or political subdivision.

[4]*See* FED.R.CIV.P. 24(b)(1)(B).

[5]This argument goes more toward the futility of intervention, raised by Defendant in a footnote. A plain reading of both the EEOC's complaint and Movants' proposed complaint indicates that each Movant alleges she was not hired by Defendant for a server/waitress job– which is further described by Plaintiff and Movants as a "front of the house position[]"– after having applied for the position sometime during or around September 2010. Furthermore, according to Defendant's own brief, Johnson-Hampton's charge and the EEOC's first Determination

almost identical to those contained in the EEOC's complaint, intervention is also proper for all Movants under Rule 24(b)(1)(B). And, considering that Defendant does not contest the timeliness of the motion or allege prejudice or undue delay, intervention should be allowed. *See* FED.R.CIV.P. 24(b)(3).

Finally, the court is not persuaded by Defendant's arguments that allowing Gregory and Simpson to intervene would be futile. Defendant's contention that said Movants' claims are barred due to their failure to exhaust administrative remedies provides it little traction. All parties agree that in certain circumstances, individuals who have not timely filed a charge with the EEOC may "piggyback" on the timely-filed charge of another. Defendant does not dispute that Johnson-Hampton's charge was timely filed. Instead, Defendant baldly contends that Gregory's and Simpson's claims are "procedurally time-barred." The EEOC's complaint alleges that Simpson and Gregory "applied for employment when Chendra Johnson sought employment in September 2010." Compl. p. 7. Because Defendant has failed to present facts and legal authority in support of its contention that Gregory's and Simpson's claims were actually time barred at the time Johnson-Hampton filed her charge, the court finds this contention is without merit.[6]

---

state that the women were denied the opportunity to work in "Server" positions because of their race. Accordingly, Defendant has failed to convince the court that Simpson and Gregory should not be allowed to intervene because their claims would not survive a 12(b)(6) motion with respect to the issue of applicability of the single-filing rule. *See Crawford v. U.S. Steel Corp*, 660 F.2d 663, 666 (5th Cir. 1981) (pointing out that because the gravamen of plaintiffs' complaints was the same, the fact that they worked in different departments did not mean that they were not similarly situated).

[6]"[I]n a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement. *Allen v. U.S. Steel Corp*., 665 F.2d 689, 695 (5th Cir. 1982). In a class action, however, the single-filing rule may not be used to revive claims that were time-barred when the original charge was filed. *See Lumpkin v. Coca-Cola Bottling Co. United, Inc.*, 216 F.R.D. 380, 385 (S.D. Miss. 2003).

Likewise, the court finds Defendant's argument that Gregory and Simpson may not piggyback on Johnson-Hampton's charge because that charge does not allege class-wide discrimination avails it little.[7] Defendant points out that the charge was brought in Johnson's name only and makes no reference to other "similarly-situated individuals."

The single filing rule is a limited exception to the Title VII charge-filing requirement and under certain conditions will allow a non-filing plaintiff to join the lawsuit of a similarly situated litigant who has filed the statutorily mandated charge. *See Bettcher v. Brown Schools, Inc.*, 262 F.3d 492, 493-94 (5th Cir. 2001).[8] The policy behind the single filing rule is that "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 499 (5th Cir.1968). "As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking." *Mooney v. Aramco Services Co.* 54 F.3d 1207, 1223 (5th Cir. 1995). *See also Bettcher*, 262 F.3d at 495 n. 3 ("The single filing rule has . . . only been read to eliminate the need to file an EEOC charge when the

---

[7]Defendant relies on *Anson v. Univ. of Texas Health Sci. Center at Houston*, 962 F.2d 539, 543 (5th Cir. 1992), as support for this argument. In that case, however, the Fifth Circuit stated:

> We hold simply that a district court does not err in denying intervention to one whose claim *had not yet arisen* at the time of the filing by another of an administrative charge which alleges only past personal complaints regarding one who employs as many as 2,500 people. . . . Anson's charge of discrimination towards himself alone did not on its face suffice to alert either the EEOC or the Defendants to Parker's potential allegations.

[8]The plaintiff must satisfy three conditions before she may invoke the single filing rule: 1) she must be "similarly situated" to the person who filed the EEOC charge; 2) the charge must have provided some notice of the "collective or class-wide nature of the charge; and 3) the individual who filed the charge must file a suit that the piggybacking plaintiff may join. *Bettcher*, 262 F.3d at 494.

purposes behind the charge-filing requirement have been met."). Ultimately, "[a] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006).

Because Defendant admits that the EEOC and Defendant were aware of all three Movants' claims during the conciliation stage, Defendant has failed to convince the court that allowing them to intervene in this action would be futile.

Ultimately, the court finds there will be no prejudice to any party by allowing Movants to intervene in this action, and the motion is, therefore, GRANTED. Movants shall file their proposed complaint within 7 days of this date. Defendant is free to challenge whether the EEOC and Movants can ultimately prevail on their claims at a later stage of these proceedings.

Ordered this 9th day of August, 2013.

/s/ Jane M. Virden
U. S. Magistrate Judge