IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 4:13CV092-SA-JMV

STONE PONY PIZZA, INC.                                                                   DEFENDANT

ORDER ON MOTION TO VACATE

A complaint was filed in this case by the Equal Employment Opportunity Commission alleging that Defendant, Stone Pony Pizza, Inc., failed to hire qualified African American applicants because of their race and maintained a racially segregated workforce in violation of Title VII. The case proceeded through discovery and dispositive motions were filed prior to June of 2014. Once the motions for summary judgment were ripe, and before the Court ruled thereon, Stone Pony Pizza filed a Suggestion of Bankruptcy [249]. In line with other Title VII cases filed in this Court in which the defendant filed bankruptcy during the pendency of the action, the Court dismissed the case by reason of bankruptcy pending [250], but retained jurisdiction over the action in case further litigation was necessary.

The EEOC has now filed a Motion to Vacate [252] the dismissal on the basis that the automatic stay prescribed by the Bankruptcy Code does not apply to government entities seeking to enforce their police powers. Stone Pony Pizza's bankruptcy counsel has responded, and the motion is now ripe.

Initially, the Court notes that it has jurisdiction to determine whether the Bankruptcy Code's automatic-stay provision applies in this cause. See Hunt v. Bankers Trust Co., 799 F.2d 1060, 1069 (5th Cir. 1986). Upon filing of a voluntary petition in bankruptcy, Section 362(a) provides an automatic stay of the continuation of judicial proceedings against the debtor except for

"an action or proceeding by a governmental unit to enforce such governmental unit's . . . police or regulatory power." See 11 U.S.C. § 362(b)(4). Other Circuits have held that "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." EEOC v. McLean Trucking Co., 834 F.2d 398, 401 (4th Cir. 1987) (quoting S. Rep. 989, 95th Cong. 2d Sess. 52, reprinted in, 1978 U.S. Code Cong. & Admin. News 5787, 5838); Eddleman v. United States Dep't of Labor, 923 F.2d 782, 791 (10th Cir. 1991); Brock v. Rusco Indus., Inc., 842 F.2d 270, 273 (11th Cir.), cert. denied, 488 U.S. 889, 109 S. Ct. 221, 102 L. Ed. 2d 212 (1988); EEOC v. Hall's Motor Transit Co., 789 F.2d 1011, 1013-14 (3rd Cir. 1986); NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 940 (6th Cir. 1986); EEOC v. Rath Packing Co., 787 F.3d 318 (8th Cir. 1986). The McLean Trucking court determined that: (1) because the EEOC was a governmental unit attempting to enjoin and fix damages for violations of Title VII of the Civil Rights Act of 1964, as amended, and violations of the Age Discrimination in Employment Act of 1967; and (2) the EEOC, by bringing the action, was enforcing its regulatory power; therefore, (3) the underlying action was not subject to the automatic-stay provision of the Code until the prayer for relief, including monetary relief, was reduced to judgment. 834 F.2d at 402; United States v. Silva, 2007 U.S. Dist. Lexis 9510, *6-9 (W.D. Tex. Feb. 5, 2007).

Based on the language in the Bankruptcy Code and other Title VII cases prosecuted by the EEOC, the automatic stay provision of the Bankruptcy Code is not applicable in this case. Stone Pony Pizza has provided no authority, and the Court's extensive research has not exhumed case law to the effect, that a district court has discretion to stay an EEOC-initiated civil action until

resolution of the bankruptcy action. See 11 U.S.C. § 362(b)(4). The Court recognizes Stone Pony's predicament, as outlined in its response, that it currently has no litigation counsel in that its prior counsel is now classified as an unsecured debtor in the underlying bankruptcy action, and there are no discretionary funds to hire counsel.

Because the Court lacks discretion in this instance, the Order of Dismissal entered in this case is VACATED. The Court REOPENS the Motion for Partial Summary Judgment [217] and Motion for Summary Judgment [219], both of which are ripe and will require no further action by either party's counsel.

SO ORDERED, this the 30th day of March, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**