**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**                                                           **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 4:13CV00092-SA-JMV**

**STONE PONY PIZZA, INC.**                                                        **DEFENDANT**

### REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte* for consideration of entry of an order striking

the answer and defenses of Defendant Stone Pony Pizza, Inc. to the claims asserted by Plaintiff

Equal Employment Opportunity Commission ("EEOC").

By Order [270] dated May 17, 2016, the undersigned Magistrate Judge granted Stone

Pony's counsel's motion [269] for leave to withdraw on the condition that counsel serve Stone

Pony with a copy of that Order within 2 days.  The May 17 Order required that Stone Pony retain

new counsel, who was required to enter an appearance in this action within 21 days of service

upon Stone Pony of that Order.  The Order further warned Stone Pony that failure to comply

would result in a recommendation that its "answer and defenses to this lawsuit be stricken."

One day after entry of the May 17 Order, defense counsel filed a Notice of Service [271],

which indicated he served Stone Pony via both email and U.S. Mail on May 18.  It has now been

approximately 50 days since service upon Stone Pony of the May 17 Order, and new counsel has

yet to enter an appearance in this action on behalf of Stone Pony.[1]

It is a well-settled rule of law that a corporation cannot appear in federal court unless

represented by a licensed attorney.  *See, e.g., Rowland v. California Men's Colony,* 506 U.S. 194,

---

[1]Pursuant to FED.R.CIV.P. 5(b)(2)(C) service upon Defendant by mail was complete upon
mailing.

201-202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982). Although 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," authorizes individuals to appear in federal courts *pro se*, the statute is silent regarding corporations. *See id.* The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney. *Id.*

In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so. *See, e.g., Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973 (9th Cir. 2004).

Because Defendant Stone Pony is a corporate entity, it may not appear in this action without counsel. Stone Pony has been afforded sufficient opportunity to retain counsel to represent it in this action but has failed to do so. It is, therefore, recommended that Stone Pony's answer and defenses to the claims asserted against it by the EEOC in this lawsuit be stricken. It is further recommended that the EEOC be granted a period of 14 days after entry of an order adopting this report and recommendations to move for entry of a judgment against Stone Pony.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within

fourteen (14) days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 7th day of July, 2016.

/s/ Jane M. Virden
U. S. Magistrate Judge