IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EQUAL EMPLOYMENT                                                    PLAINTIFF
OPPORTUNITY COMMISSION

V.                                              CIVIL ACTION NO. 4:13-CV-92-SA-JMV

STONE PONY PIZZA, INC.                                             DEFENDANT

ORDER

After a review of the file and records in this action, the Court finds that the Report and Recommendation of the United States Magistrate Judge dated July 7, 2016, [272] was on that date served via United States Mail upon the Defendant. More than fourteen days have elapsed since service of the Report and Recommendation, and no objection has been filed. The Magistrate Judge recommended striking the Defendant's pleadings because it is a corporation unrepresented by counsel. The Court is of the opinion that the findings of fact in the Report and Recommendation should be approved and adopted as the findings of the Court; however, the Court modifies that Report and Recommendation as follows:

The Court further finds that as the Magistrate's report indicates, it is a well-settled rule that a corporation cannot appear in federal court unless represented by a licensed attorney. *See, e.g.,Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-201-202 113 S. Ct. 716, 719, 121 L. Ed. 2d 656 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982). Thus, it is clear that the Defendant, a corporation who is presently unrepresented, must retain counsel in order to appear in this action.

The magistrate judge recommends that the Defendant's pleadings be stricken because it may not proceed in this case *pro se*. The striking of pleadings is warranted in cases where a corporation appears without counsel, and instead a corporate officer appears on the corporation's behalf. *See e.g. Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (finding pleadings insufficient when a corporate officer appeared, and presumably signed pleadings, on the corporation's behalf.); *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982) (same); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004) (same).

This case presents a slightly different circumstance. In this case, an attorney represented the defendant corporation from the beginning of the case through summary judgment.[1] An attorney signed and submitted all of the pleadings on the corporation's behalf. In short, a review of the docket reveals that the Defendant in this case has appeared *only* through a licensed attorney. *See* Wright & Miller, 10A FED. PRAC. & PROC. § 2686 (3d ed.) (general discussion of what constitutes an appearance). This Court declines to strike properly filed pleadings simply because the Defendant now finds itself lacking appropriate representation, but has otherwise fully participated in the defense of this case.

The magistrate judge further recommends that the Plaintiffs move for an entry of default. Under Federal Rule of Civil Procedure 55, default must be entered against a party that "has failed to plead or otherwise defend." FED R. CIV. P. 55(a). Default is however, a "drastic remedy" and a trial on the merits is preferred. *See Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). In addition, the Court notes that in this particular case, substantial time and resources have already been expended in the process of litigation.

---

[1] The magistrate judge allowed the Defendant's attorney to withdraw after the summary judgment motions had been ruled on and after the final pre-trial conference and trial dates had been noticed to the parties.

The Defendant in this case has appeared and pled through licensed counsel and thus has not "failed to plead or otherwise defend." *See Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949) (stating "the words 'otherwise defend' [in Rule 55] refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits").

In part because the Court has determined not to strike the Defendant's pleadings, the Defendant has not defaulted, and the magistrate judge's recommendation that the Plaintiffs move for the entry of such is not applicable. *Id.* (holding that although Rule 55 may require a defendant to file a sufficient answer to the merits, it does not require a defendant to have a lawyer or be present in court when the case is called for a trial in order to escape default).

To be clear, the Defendant may not appear further in this case until it has retained counsel, and is hereby ordered to retain counsel to appear on its behalf in this action, at the final pretrial conference scheduled for March 22, 2017, and for all other proceedings.

The Magistrate Judge's Report and Recommendation [272] is ADOPTED in part as the opinion of this Court, and MODIFIED in part, as outlined above.

SO ORDERED on this the 29th day of August, 2016.

         /s/   Sharion Aycock           
UNITED STATES DISTRICT JUDGE