IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                         PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:13-CV-92-SA-JMV

STONE PONY PIZZA, INC.                                                 DEFENDANT

ORDER IMPOSING SANCTIONS AND CANCELLING TRIAL

This case was originally filed in this Court nearly four years ago, on May 17, 2014. Shortly after the Defendant, Stone Pony Pizza, Inc.'s, Motion for Summary Judgment [219] was denied the Defendant stopped participating in the defense of its case. This case is currently scheduled for trial on April 17, 2017. On March 16, 2017, this Court entered a Notice and Order to Show Cause directing the Defendant to contact the Magistrate Judge assigned to this case by 5:00 pm on March 30, 2017 and inform the Court of its continued participation in this case or face sanctions such as entry of a default judgment. The appointed time has passed, and the Court has not received any communication from the Defendant.

As the Court previously noted, the Defendant, a corporation, allowed its attorneys to be dismissed, failed to respond to pleadings in this case, and failed to respond, in any fashion to direct orders of this Court. Specifically, the Defendant failed to respond to a Report and Recommendation [272] issued by the magistrate judge in this case, failed to respond to an Order [273] from this Court directing the Defendant to inform the Court of its intention to proceed in this matter, to inform the Court of its representation, and to appear at the final pre-trial conference. The Defendant also failed to respond to any of the several pending motions in limine, and failed to return any of the acknowledgments that this Court mailed it. Most recently

and perhaps most egregiously, the Defendant failed to appear at the final pre-trial conference. Finally, the Defendant failed to respond in any way to the Court's latest Notice and Order to Show Cause. In short, the Court has not had any substantive contact or response from the Defendant since summary judgment was denied, almost exactly one year ago.

As this Court has also noted on several previous occasions, substantial time and expense has been expended in the process of this litigation. A review of the docket in this case reveals that the Defendant's conduct presents a clear record of delay and contumacious conduct. The Defendant has repeatedly refused to comply with any of the Court's orders and has attempted to frustrate the progress of this case by refusing to comply and participate in the proceedings. *See S.E.C. v. First Houston Capital Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992). Based on the record in this case it is clear that sanctions are warranted under Federal Rule of Civil Procedure 16(f). That rule states, in relevant part:

> (f) Sanctions
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>> (A) fails to appear at a scheduling or other pretrial conference;
>> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16 (f).

The relevant orders authorized by Rule 37(b)(2)(A) include:

> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; **(iii)** striking pleadings in whole or in part; **(iv)** staying further proceedings until the order is obeyed; **(v)** dismissing the action or proceeding in whole or in part; **(vi)** rendering a default judgment against the disobedient party; or **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37

The Court has considered each of these sanctions. At this time, the Court has made several attempts to get the Defendant to comply with the Court's orders and to participate in this case. Indeed, the Court has previously considered sanctions, including a default judgment. *See* [273]. None of the Court's previous orders or requests have had any effect on the Defendant. For this reason, the Court finds that imposing a fine or levying costs against the Defendant are unlikely to compel the Defendant to comply with Court's orders. The Court also finds that given the record in this case, neither a stay nor striking the pleadings is likely to have any effect. Having considered several different potential sanctions, the Court finds that a default judgment is warranted to serve the interests of justice in this particular case. *See First Houston Capital*, 979 F.2d at 382 (holding that district courts must expressly considered alternative sanctions); *see also Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952 (5th Cir. 1996) ("Even with a clear record of delay or contumacious conduct," a trial judge cannot impose the sanction of a dismissal or a default judgment "unless the court first finds that a lesser sanction would not have served the interests of justice.") (citing *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988)).

Because the Defendant has exhibited a pattern of willful, deliberate, contumacious conduct, refuses to participate in this case, and failed to appear at the final pretrial conference,

the Court hereby enters a default judgment against the Defendant, Stone Pony Pizza, Inc. on all of the Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 16(f).

The trial of this case, currently set for April 17, 2017, is cancelled and a hearing on damages will be noticed separately.

SO ORDERED on this the 31st day of March, 2017.

    /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE