IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION[1]   PLAINTIFF

V.   CIVIL ACTION NO. 4:13-CV-92-SA-JMV

STONE PONY PIZZA, INC.   DEFENDANT

ORDER ON DAMAGES

The Court entered a Default Judgment against the Defendant in this case on March 31, 2017. *See* Order [288]. Subsequently the Plaintiffs filed a number of briefs, affidavits and other evidence regarding their damages. *See* [290, 291-298, 301, 302]. The Court reviewed and considered all of the evidence in the record and awards the following damages and other relief based on that review.

*Compensatory Damages*

Compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" are available to prevailing Title VII plaintiffs under 42 U.S.C. § 1981a. Total compensatory and punitive damages available to each prevailing plaintiff are capped at $50,000.00 for claims against employers the size of the Defendant in this case. *See* 42 U.S.C. § 1981a(b)(3); *Black v. Pan Am. Labs., L.L.C.*, 646 F.3d 254, 264 (5th Cir. 2011) (holding that the plain language of § 1981a(b)'s cap applies to each party in an action).

There is ample evidence in the record to support an award of compensatory damages for each of the individuals identified as Plaintiffs in this case. Each of these parties suffered

---

[1] The Commission represents six Claimants in this case: Tyler Banks, Jr., Christie Boyd, Ja'Lissa Farmer, Marchello Kemp, Charles Wilder, and Roxchelle Wiley. Eight additional Plaintiffs were permitted to intervene in this action: Chendra Johnson-Hampton, Wylinda Gregory, Youmeka Simpson, Cecily Allen, Stephanie Clay, Shameika Cooper, Faith Holmes, and Crystal Peeler. For simplicity, the Court uses the term "Plaintiffs" to refer to all of these parties.

inconvenience and emotional pain as a result of the openly discriminatory policies and actions of the Defendant. In some cases, the Plaintiffs, prospective employees were encouraged by the Defendant to apply multiple times even though the Defendant did not intend to hire them. The Defendant openly taunted and refused interviews to some Plaintiffs, while others were subjected to irrational and unreasonable application requirements. Some of the Plaintiffs also observed the Defendant throwing employment applications from African Americans into the trash can immediately after they were submitted. In addition to their depositions, and the substantial summary judgment record in this case, each of the Plaintiffs submitted affidavits detailing the nature, surrounding circumstances, and scope of their damages. The Defendant did not offer any opposition or raise any defenses.

Based on all of the information in the record, and looking at all of the circumstances of this case, the Court awards the following compensatory damages as requested by the Plaintiffs: Banks - $10,000; Boyd - $12,000; Farmer - $15,000; Kemp $25,000; Wilder - $10,000; Wiley - $12,000; Johnson-Hampton - $10,000; Gregory - $10,000; Simpson - $10,000; Allen - $10,000; Clay - $10,000; Cooper - $10,000; Holmes - $10,000; Peeler - $10,000. The total compensatory damages award is $164,000.

*Equitable Relief*

The Plaintiffs in this case also request that the Court award back pay. "Back pay under Title VII is an equitable, or 'make whole,' remedy. *Overman v. City of E. Baton Rouge*, 656 F. App'x 664, 671 (5th Cir. 2016) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 419, 95 S. Ct. 2362, 45 L. Ed. 2d 280 (1975). "As such, its purpose is to place the plaintiff in the position that she would have been in but for the defendant's illegal conduct." *Id*. Again, based on all of the evidence in the record, the Court awards the following damages for back pay: Banks -

$4,158.87; Boyd - $2,231.77; Farmer - $4,933.92; Kemp - $16,870.59;[2] Wiley - $2,115.16; Johnson-Hampton - $33,807.40; Gregory - $18,639.06; Simpson - $34,879.50; Allen - $15,737.71; Clay - $28,532.22; Cooper - $76,081.81; Holmes - $53,733.81; Peeler - $16,919.77. The total back pay award is $308,641.59.

*Punitive Damages*

The Plaintiffs in this case also request that the Court award punitive damages. Title 42 U.S.C. § 1981a states in relevant part, "A complaining party may recover punitive damages under this section against a respondent [. . .] if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Henry v. CorpCar Servs. Houston, Ltd.*, 625 F. App'x 607, 614 (5th Cir.), *reh'g denied* (Mar. 5, 2015), *cert. denied,* 136 S. Ct. 104, 193 L. Ed. 2d 36 (2015) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999)).

In the instant case, there is ample evidence that Stone Pony intentionally discriminated against African American employees and applicants in addition to intentionally maintaining a segregated workforce with minority employees relegated to back of house jobs and white employees exclusively staffing the front of house positions. There is also ample evidence, in both corporate deposition testimony and Stone Pony corporate documents, that Stone Pony management was fully aware of the relevant federal antidiscrimination statutes and policies and knowingly violated them. This is exactly the type of invidious discrimination these Civil Rights statutes were implemented to prevent. For all of these reasons, the Court awards punitive

---
[2] Wilder made no request for back pay.

damages in this case in the amount of $25,000 per Plaintiff for a total punitive damages award of $350,000.00.

*Injunctive Relief*

Finally, the Commission seeks injunctive relief against Stone Pony as authorized under 42 U.S.C. § 2000e-5 when an employer "has intentionally engaged in or is intentionally engaging in an unlawful employment practice." 42 U.S.C.A. § 2000e-5(g)(1). Specifically, the Commission requests that Stone Pony be enjoined from engaging in racial discrimination against African American job applicants, maintaining a segregated workforce on the basis of race, and discarding personnel or employment records, including employment applications, resumes and any other documents submitted by job applicants, for a period of one year. The Court finds the Commission's request for injunctive relief warranted and necessary to ensure that Stone Pony does not engage in these prohibited discriminatory practices in the future.

*Conclusion*

For all of the reasons fully explained above, the Court orders the following:

Defendant Stone Pony is ordered to pay: $39,158.87 to Tyler Banks, Jr.; $39,231.77 to Christie Boyd; $44,933.92 to Ja'Lissa Farmer; $66,870.59 to Marchello Kemp; $35,000 to Charles Wilder; $39,115.16 to Roxchelle Wiley; $68,807.40 to Chendra Johnson-Hampton; $53,639.06 to Wylinda Gregory; $69,879.50 to Youmeka Simpson; $50,737.71 to Cecily Allen; $63,532.22 to Stephanie Clay; $111,081.81 to Shameika Cooper; $88,733.81 to Faith Holmes; and $51,919.77 to Crystal Peeler.

Defendant Stone Pony is permanently enjoined from engaging in racial discrimination against job applicants, maintaining a segregated workforce on the basis of race, and discarding

personnel or employment records, including employment applications, resumes and any other documents submitted by job applicants within one year of creation or submission.

SO ORDERED on this the 16th day of November, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE